# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TROY GROSS, SR. | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-10-169 |
| UNITED STATES OF AMERICA | * | (Related Crim. Case RDB-07-132) |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Respondent's Motion to Dismiss the Motion to Vacate as untimely. Paper No. 39. Petitioner has filed a Reply and seeks equitable tolling of the statute of limitations. Paper No. 42.

Petitioner pled guilty to bank robbery and brandishing a firearm on June 11, 2007. He was sentenced to serve 646 months imprisonment on September 28, 2007. The conviction was affirmed on appeal to the Fourth Circuit Court of Appeals on September 19, 2008. On appeal Petitioner alleged this Court erred when it failed to allow him to withdraw his guilty plea. *See United States v. Gross*, 294 Fed. Appx. 58, 2008 WL 4280105 (4th Cir. 2008). Petitioner did not seek further appellate review. Accordingly, his conviction was final 90 days after the judgement on appeal was entered, on December 18, 2008.[1] The deadline for filing a Motion to Vacate under 28 U.S.C. §2255 was December 19, 2009.[2] The instant motion, dated January 7, 2010, was filed on January 22, 2010. Paper No. 37.

Petitioner asserts he was assigned to the Special Housing Unit on August 8, 2009, which prevented him from filing a timely motion. Paper No. 37 and 42. He states he ceased having

---

[1] *See Clay v. United States*, 537 U.S. 522, 532 (2003).

[2] *See* 28 U.S.C. §2255(f).

access to his legal documents when he was put in the more restrictive housing assignment and lost access to the jailhouse lawyer who was helping him. Paper No. 42. In his Motion to Vacate, Petitioner claims this Court erred by not allowing him to withdraw his guilty plea and counsel was ineffective for failing to request a postponement of the sentencing proceedings when it became clear he was having second thoughts about pleading guilty. Paper No. 37.

"[T]he one year limitation period is . . . subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris* 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Petitioner has failed to allege adequate grounds for equitable tolling of the statute of limitations. *See United States v. Sosa*, 364 F. 3d 507, 512-13 (4th Cir. 2004) (equitable tolling on the basis of a mental disorder only available in cases of profound mental incapacity); *Rouse v. Lee* 339 F. 3d 238, 249 (4th Cir. 2003) (attorney error not a basis for equitable tolling); *see also Johnson v. McCaughtry*, 265 F. 3d 559, 566 (7th Cir. 2001). Petitioner's assertion that his assignment to more restrictive housing four months before the filing deadline rendered him incapable of complying with the deadline is insufficient inasmuch as the grounds he raises in the Motion to Vacate are substantially similar to the allegations raised in his direct appeal. Thus, the motion filed does not appear to require access to legal resources.

2

Accordingly, by separate Order which follows, the Court finds that Petitioner's Motion to Vacate is untimely and that he is not entitled to equitable tolling of the statute of limitations. This Court further finds that there is no basis for the grant of a certificate of appealability and denies same. *See* 28 U. S.C. § 2253(c)(2) (permitting a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right").

MAY 26 2010
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE